**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Leandro Veras-Carreras,
Petitioner,
v.
Eric Rokosky, et al.,
Respondents.

No. CV-26-03620-PHX-MJM (CDB)

**ORDER**

On May 22, 2026, Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1). Therein, Petitioner alleged that he was previously paroled into the United States, has a valid work authorization and a pending application for asylum, and has complied with the terms of his parole, but was nevertheless re-detained by immigration authorities on February 11, 2026. At a subsequent bond hearing on April 17, 2026, the Immigration Judge (IJ) indicated he lacked jurisdiction to grant bond but would have set bond at $8,000 if he had jurisdiction. (Doc. 1 at 11, 17). The Court directed Respondents to show cause why the Petition should not be granted. (Doc. 3.) In their Response, Respondents argue that Petitioner was properly re-detained after being arrested for DUI, thus failing to abide by the terms of his parole to "refrain from violating the laws of the United States." (Doc. 7 at 2). Respondents do not dispute that Petitioner was denied a meaningful bond hearing for an alleged lack of jurisdiction, or that the IJ alternatively ordered Petitioner's release on payment of $8,000 bond. (Doc. 1 at 17).

The Court will grant the Petition. To the extent Respondents assert that Petitioner violated the terms of his parole and thereby justified his re-detention, Respondents fail to identify those terms or explain how Petitioner violated them. Although Respondents argue generically that "in most instances where a detainee is released from custody, the alien must refrain from violating the laws of the United States," Respondents provide no evidence showing that Petitioner violated any laws of the United States. Rather, it appears that, at most, Petitioner was arrested for violating local or state law and *not* the laws of the United States. It is not clear whether Petitioner has even been charged.

Further, Respondents indicate that even if Petitioner violated the laws of the United States such that his re-detention was authorized, such re-detention would be pursuant to 8 U.S.C. § 1226(b). (*See* Doc. 7 at 2) ("It is well-established that DHS has the authority to revoke conditional parole at any time under 8 U.S.C. § 1226(b)."). However, Respondents concede that such revocation is only appropriate where there has been "a material change in circumstances." (*Id.*) (collecting cases). As such, because Respondents fail to demonstrate that Petitioner violated the terms of his parole, they have also failed to demonstrate that there has been any material change in circumstances justifying revocation of his parole.[1] This conclusion is consistent with the IJ's finding that Petitioner is not a danger. (Doc. 1 at 17).

Accordingly, the Petition is granted, and Petitioner should be released from custody immediately. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

---

[1] Although Respondents also allege that Petitioner "failed to report to the nearest ICE facility" as required by the terms of his parole (Doc. 7 at 1), the evidence provided does not support this conclusion. Instead, the narrative included with the attached Form I-831 states only that there were "no records" of Petitioner having done so. (Doc. 7-1 at 4). The lack of records does not demonstrate that Petitioner necessarily failed to report as required, and Petitioner affirmatively avows under penalty of perjury that he "reported as instructed." (Doc. 1 at 10).

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

DATED this 13th day of November, 2026.

Michael J. McShane
United States District Judge